Case 5:19-cv-00023   Document 7   Filed on 07/09/19 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SALVADOR AVILES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-00023 |
| | § | |
| ALLSTATE FIRE AND CASUALTY, | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION

This case involves a first-party property insurance dispute between Plaintiff Salvador Aviles (Aviles) and his insurer, Defendant Allstate Fire and Casualty, Insurance Company (Allstate). Pending before the Court is Allstate's motion for partial dismissal as to Aviles' misrepresentation claims. (Dkt. 2.) The District Court has referred the motion to the undersigned Magistrate Judge. (Dkt. 6.) Having considered the parties' filings and the applicable law, the Undersigned recommends that the District Court **GRANT IN PART** and **DENY IN PART** the motion and **DISMISS WITHOUT PREJUDUCE** Aviles' misrepresentations claims under Texas Insurance Code Section 541.060(a)(1) **WITH LEAVE TO AMEND.**

### I.   Factual Findings

Aviles owns a home located in Laredo, Texas that was insured by Allstate. (Dkt. 1-2 at 5.) Aviles alleges that on May 21, 2017, a severe wind and/or hailstorm caused substantial damage to his home. (*Id.*) Aviles submitted a property claim to Allstate. (*Id.* at 6.) Thereafter a disagreement ensued between the parties regarding the cause and damage to Aviles' home. (*Id.* at

1

6–7.) Additionally, Aviles alleges that Allstate acted "knowingly" when failing to properly investigate and pay his claim. (*Id.* at 6–10.)

## II. Procedural Background

Aviles filed suit against Allstate in Webb County District Court alleging claims for breach of contract and noncompliance with the Texas Insurance Code, including making misrepresentations, engaging in unfair settlement practices and not promptly paying his claim. (Dkt. 1-2 at 7–14.) Aviles also alleges that Allstate is vicariously liable for the acts of its adjuster. (*Id.* at 13.) Allstate removed the case to federal court based on diversity citizenship. (Dkt. 1.) After removing the case to federal court, Allstate filed both an answer and a motion for partial dismissal. (Dkts. 2 and 3.) Allstate is seeking to dismiss Aviles' misrepresentation claims under Federal Rules of Civil Procedure, Rules 12(b)(6) and 9(b). (Dkt. 2.)

## III. Legal Standard

### A. Rule 12(b)(6)

A civil claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides the general requirement for pleadings in federal court: Each cause of action must include "a short and plain statement of the claim showing that the pleader is entitled to relief." While the complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* While all well-pleaded facts in the complaint are to be accepted as true, legal conclusions "are not entitled

to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted), nor should a court strain to make unwarranted inferences favorable to the plaintiff. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

**B. Rule 9(b)**

Allegations of fraud or mistake are subject to even a higher pleading standard than other civil claims. Federal Rule of Civil Procedure 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud." What constitutes "particularity" varies depending on the facts of the case. *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). At a minimum, though, the plaintiff must "allege the particulars of [1] time, [2] place, and [3] contents of the false representations, as well as [4] the identity of the person making the representation and [5] what that person obtained thereby." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks and alterations omitted). In other words, a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). In the Fifth Circuit, a dismissal under Rule 9(b) is "treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997).

**IV. <u>Analysis of Allstate's Motion to Dismiss Aviles' Misrepresentation Claims</u>**

Allstate moves to dismiss Aviles' misrepresentation claims alleged under the Texas Insurance Code. (Dkt. 2 at 5–6 and 14.) Specifically, Allstate asserts that Aviles failed to satisfy the pleading standards under Rule 9(b) by either alleging only legal conclusions and/or not providing the "who, what, when, where, and how" of the misrepresentations. (*Id.*) In response,

Aviles argues that when his complaint "is read as a whole, the complaint more than meets the federal pleading standard." (Dkt. 4 at 2.)

For the following reasons, the Magistrate Judge concludes that Aviles' misrepresentation claims alleged under Texas Insurance Code Section 541.060(a)(1) fail to satisfy either the Rule 8(a) and/or 9(b) pleading standards, but his claims alleged under Section 541.060(a)(7) satisfy Rule 8(a).

Section 541.060(a)(1) of the Texas Insurance Code prohibits insurers from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." The Fifth Circuit has never decided whether a claim alleged under Section 541.060(a)(1) must satisfy the Rule 9(b) pleading standard. However, several district courts in this District have ruled that such a claim must satisfy Rule 9(b). *See Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 351 (S.D. Tex. 2017) (Texas Insurance Code Section 541.060(a)(1) claim "is itself grounded in fraud" and is subject to the 9(b) pleading standard); *Khan v. Allstate Fire & Casualty Ins. Co., et al*, H-11-2693, 2012 WL 1601302, at *7 (S.D. Tex. May 7, 2012) (Allegations under § 541.060(a)(1) "involve misrepresentations and are substantially claims of fraud. Therefore, . . . must meet the pleading standard of Rule 9(b) . . . .").

Here, Aviles' misrepresentation claims alleged under Section 541.060(a)(1) do not satisfy *either* Rule 9(b)'s heightened pleading standard or the lesser standard under Rule 8(a). Aviles solely alleges that Allstate and its adjuster "misrepresented to Plaintiff that the wind and/or hail damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." (Dkt. 1-2 at 5 and 9.) This conclusory allegation does not satisfy Rule 9(b) because Aviles does not provide any details as to the "who, what, when, where, and how" of the misrepresentations. He did not explain what the misrepresentations were or how they

distorted the material facts. Additionally, because Aviles did not offer any non-conclusory facts he cannot satisfy the lesser pleading standard under Rule 8(a).

Allstate further argues that Aviles fails to state a claim under Texas Insurance Code Section 541.060(a)(7), which prohibits an insurance company from "refusing to pay a claim without conducting a reasonable investigation . . . ." The Fifth Circuit has similarly never decided whether a claim alleged under Section 541.060(a)(7) must satisfy the Rule 9(b) pleading standard. However, several district courts in this District have ruled that such a claim is not subject to the pleading requirements of Rule 9(b) only Rule 8(a). *See Khan*, 2012 WL 1601302, at \*7 ("Plaintiffs' claim for relief under § 541.060(a)(7) . . . need not be pled with particularity."); *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-03266, 2011 WL 5827298, at \*4 (S.D. Tex. Nov. 17, 2011) ("Plaintiffs need not meet the requirements of Rule 9(b), as § 541.060(a)(7) is not substantively based on fraud.").

Here, Aviles has alleged sufficient facts under Rule 8(a) to state a claim that Allstate's investigation was unreasonable. Aviles alleges that:

> Overall, the [Allstate adjuster] conducted a substandard inspection of Plaintiff's Property. The inadequacy of [his] inspection is clearly evidenced by his report, dated November 22, 2017, which failed to identify and acknowledge any of the wind and hail damage to Plaintiff's Property except for some flashing repair and replacement of a ceiling fan. In short, [the Allstate adjuster] failed to assess Plaintiff's damages ("omitted damages"), despite the presence of clearly visible evidence of wind and/or hail damage. . . . [The] omitted damages strongly support the finding that the [Allstate adjuster] spent an inadequate time scoping for damages, and conducted a haphazard, incomplete investigation of Plaintiff's claim.

(Dkt. 1-2 at 3–4.) Taken as true, these facts allege a plausible claim under Texas Insurance Code Section 541.060(a)(7).

## V. Conclusion

For the foregoing reasons, it is hereby recommended that the District Court **GRANT IN PART** and **DENY IN PART** Allstate's motion and **DISMISS WITHOUT PREJUDUCE** Aviles' misrepresentations claims under Texas Insurance Code Section 541.060(a)(1) **WITH LEAVE TO AMEND**.

SIGNED on this 9 day of July 2019.

SAM S. SHELDON
UNITED STATES MAGISTRATE JUDGE

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636, the parties are granted fourteen days to submit written objections to the proposed findings and recommendations of a magistrate judge. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in a Report within fourteen (14) days after being served with a copy of the Report bars that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, bars the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no

objections are filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass*, 79 F.3d at 1428–29.