UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SALVADOR AVILES<br>　　　Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-CV-00023 |

**PLAINTIFF'S FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, SALVADOR AVILES (herein "Plaintiff") and files this PLAINTIFF'S FIRST AMENDED PETITION, complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (herein "Allstate") and respectfully show this Honorable Court the following:

## I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.   PARTIES

2.   Plaintiff Salvador Aviles is an individual residing in Webb County, Texas.

3.   Defendant Allstate is a "domestic" insurance company engaged in the business of insurance in the State of Texas with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the

State of Texas, in Bexar County. Defendant Allstate may be served via its registered agent for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.  JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but not more than $200,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant Allstate because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV. VENUE

6. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V.  FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy, with Policy No. 000986603427, which was issued and sold by Allstate (hereinafter referred to as "the Policy").

8. Plaintiff owns the insured property, which is specifically located at 412 Mayfair, Laredo, Texas 78045-8171, which is located in Webb County, Texas (herein "the Property").

9. On or about May 21, 2017, a severe wind and/or hail storm struck Webb County, Texas ("the Storm"). This storm caused substantial damage to buildings in the area, including Plaintiff's Property. Specifically, the Storm caused property damage to Plaintiff's modified bitumen roofing,

tile roofing, copper cupola, sheathing system, cap flashing, parapet flashing, step flashing, tile ridge/hip/rake cap, pipe jack flashing, soffits, window screens, a window, j trim, light fixtures, water heater, ceiling fans, overhead door and exterior stucco. Moreover, the Property sustained substantial damage necessitating the removal and replacement of drywall and insulation, in bedroom 2, followed by painting, and drywall repairs and painting in bathroom 2, the gym, bedroom 3, bathroom, 3, the studio, bedroom 4, bathroom 4, the foyer, garage, laundry room, maid's room, bathroom, entry, hall, dining room, half bath, hallway, family room, game room, kitchen, dining room, second foyer, and stairs. Damage was also found to the crown moldings in bedroom 2, the gym, bedroom 3, the studio, and bedroom 4. Lastly, the metal fence suffered storm-related damage. It was estimated that the cost to restore Plaintiff's property to its pre-storm condition was $169,356.21.

10.    Upon discovery of the extent of the damage to his Property, Plaintiff submitted a claim to Allstate against the Policy referenced in paragraph 9, and his claim was assigned claim number 0458056538 by Defendant Allstate ("the Claim"). Plaintiff asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11.    Allstate acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

12.    Thereafter, Defendant Allstate assigned Allstate employee and adjuster, Bobby Crowson, to inspect the Property and adjust the claim on its behalf. On June 6, 2017, Crowson presented himself to investigate the reported damages the Property. He prepared a report based on his inspection noting that he was "(u)nable to determine or locate source of water that is causing damage. Plumber needs to assess if there is a leak in plumbing." His report was sent to the Plaintiff

on that same date. Crowson's intent in making the aforementioned statement was to make the Plaintiff believe that it was his obligation to retain a plumber to complete the investigation and to convey that the insurer had discharged its obligation of performing a complete investigation of the Claim. Crowson was able to make the Plaintiff believe that the investigation was complete on his end, despite the fact that the Policy does not require the insured to retain a plumber to investigate interior water damage. Crowson was improperly trained and/or supervised, spent an inadequate amount of time assessing damages, and failed to perform a thorough evaluation of Plaintiff's claim. Overall, Crowson conducted a substandard inspection of Plaintiff's Property. The inadequacy of Crowson's inspection is clearly evidenced by his report, dated June 6, 2017, which, in addition to the misrepresentation regarding the interior water damage investigation, failed to identify and acknowledge any of the wind and hail damage to Plaintiff's Property. In short, Crowson failed to assess Plaintiff's damages ("omitted damages"), despite the presence of clearly visible evidence of wind and/or hail damage. Rather than a mere oversight, the conspicuous nature of the omitted property damages strongly suggest that they were left off Crowson's estimate in an unlawful attempt to deny and/or underpay Plaintiff's claim. Alternatively, the omitted damages strongly support the finding that Crowson spent an inadequate time scoping for damages, and conducted a haphazard, incomplete investigation of Plaintiff's claim. Ultimately, Crowson's estimate did not allow any funds to cover the cost of repairs for all of the damages sustained by Plaintiff during the covered Storm. Crowson's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being substantially undervalued and denied.

13. Defendant Allstate failed to adequately train and supervise Crowson, resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Allstate failed

to thoroughly review and properly oversee the work of Crowson, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Because of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was improperly adjusted and denied, resulting in damages to the Plaintiff.

14. Together, Defendants Allstate and Crowson set about to deny and/or underpay on properly covered damages. Defendants Allstate and Crowson misrepresented to Plaintiff that Crowson performed a thorough inspection of Plaintiff's property; when, in fact, Crowson failed to admit and/or acknowledge Plaintiff's properly covered damages and failed to allow for insurance benefits to cover the cost of repairs to the Property. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiff and denied and/or undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim. As a result of the Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and denied, and Plaintiff has suffered damages. The mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to repair the Property and has likely resulted in further damages to the dwelling. To date, Plaintiff has yet to receive sufficient payment to which he is entitled to under the Policy.

15. As detailed in the paragraphs below, Defendants Allstate and Crowson wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16. Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay *any* proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged

Property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

17. Defendant Allstate and Crowson misrepresented to Plaintiff that the wind and/or hail damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Moreover, Crowson misrepresented the fact that it was Plaintiff's obligation to retain a plumber to investigate the claim and that Crowson had fully completed his duties as the claim inspector. Defendants Allstate and Crowson's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant Allstate and Crowson failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendants Allstate and Crowson failed to explain to Plaintiff the reasons for their denial of Plaintiff's full claim. Specifically, Defendants Allstate and Crowson failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendants Allstate and Crowson did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendants Allstate and Crowson is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Allstate refused to fully compensate Plaintiff, under the terms of the Policy, even though Allstate and Crowson failed to conduct a reasonable investigation on November 21, 2017. Specifically, Allstate and Crowson performed an outcome-oriented investigation of

Plaintiff's claim, which resulted in a biased, unfair, and denial of Plaintiff's losses on the Property. The conduct of Allstate and Crowson constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23. Defendant Allstate and Crowson knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

24. As a result of Defendant Allstate and Crowson's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

25. On September 5, 2018, Counsel for Plaintiff submitted to Defendant Allstate notice of Plaintiff's disputes regarding the claim in compliance with section 542A.003 of the TEXAS INSURANCE CODE.

26. On September 18, 2018, Defendant Allstate responded to the letter referenced in the preceding paragraph by requesting to reinspect the Property. Allstate requested to be contacted to schedule the reinspection.

27. On October 8, 11, 22 and 24, 2018, Counsel for Plaintiff attempted to contact Defendant Allstate via telephone to schedule the reinspection. Counsel for Plaintiff did not receive a response from Defendant Allstate.

28. On October 24, 2018, Counsel for Plaintiff issued a letter to Defendant Allstate advising it of the attempts made to schedule the reinspection. Further, the letter requested that contact be made by Defendant Allstate to schedule the reinspection.

29. To date, Defendant Allstate has not communicated with Counsel for Plaintiff since the letter it issued on September 18, 2018.

## VI.  CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

30. Defendant Allstate is liable to Plaintiff for breach of contract, as well as "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code.

#### A.  BREACH OF CONTRACT

31. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

32. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

33. A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the

essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

34. A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

35. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the Policy, including the payment of the premium, constitutes a breach of Allstate's insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

37. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Storm were not covered despite the fact that damages were the result of a peril(s) covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

39. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

    C. <u>NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS</u>

42. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

43. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

44. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. ACTS CONSTITUTING ACTING AS AGENT

46. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

47. As referenced and described above, and further conduct throughout this litigation and lawsuit, Crowson is an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

48. Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Crowson, including the completion of his duties under the common-law and statutory law.

## VII. KNOWLEDGE

49. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

50. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII. DAMAGES

51.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52.     As previously mentioned, the damages caused by the May 21, 2017 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

53.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

54.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

55.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as ten (10) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

56.     For Defendant Crowson's violation of the DTPA, Plaintiff is entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

57.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.   CONDITIONS PRECEDENT

58.   Plaintiff asserts that all conditions precedent to filing suit under the policy referenced in paragraph 9 have been met and fulfilled.

59.   Further, Plaintiff provided Defendant with Notice of his claims, pursuant to Tex. Ins. Code §542A.003, however, Defendant failed to appropriately respond to the same.

## X.   REQUESTS FOR DISCLOSURE

60.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants Allstate and Crowson each disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure.

## XI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he is justly entitled.

Respectfully submitted,

**T**HE **A**RGUELLO **L**AW **F**IRM
101 E. Little York Rd., Suite D
Houston, Texas 77076
Telephone: (281) 884-3960
Facsimile: (281) 884-3961


By: ___*/s/ Andres A. Arguello*___

    Andres A. Arguello
    SBN: 24088970
    Federal ID No.: 2514173
    Andres@DefyOppression.com

C<small>OUNSEL FOR</small> P<small>LAINTIFF</small>
S<small>ALVADOR</small> A<small>VILES</small>

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, on this the 19th day of August 2019, as follows:

**Valdez & Trevino**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

Attn:  Mr. Robert E. Valdez, Esq.
       SBN: 20428100
       S.D. Tex. Bar No. 9816
       revaldez@valdeztrevino.com

       Mr. Nicolas D. Smith., Esq.
       SBN: 24093175
       S.D. Tex. Bar No. 3083793
       nsmith@valdeztrevino.com

COUNSEL FOR DEFENDANT ALLSTATE
FIRE AND CASUALTY INSURANCE COMPANY

                                          */s/ Andres Arguello*
                                          **Andres Arguello**